### Gilbert Gordon v. The State.

No. 3680.          Decided May 27, 1908.

**Injuring Fence of Another—Charge of Court.**

Where upon trial for unlawfully injuring the fence of another, the court instructed the jury that if the defendant instructed another person to pull down and injure the alleged fence to find him guilty, the same was reversible error.

Appeal from the County Court of Uvalde. Tried below before the Hon. W. D. Love.

Appeal from a conviction of unlawfully injuring the fence of another; penalty, a fine of $10.

The opinion states the case.

No brief on file for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, Judge.—The information charged that appellant did unlawfully break, pull down and injure the fence of E. A. Gresham without the consent of the said E. A. Gresham, and upon conviction his punishment was assessed at a fine of $10.

Appellant complains of the following charge of the court: "You are further instructed that if you believe from the evidence beyond a reasonable doubt that the defendant, acted in the capacity of a manager of the celebration in June 19th and that acting as such manager, if he did so act, he gave instructions to some person then acting in a subor-

dinate position to him to break, pull down, and injure the fence of E. A. Gresham, then he would be guilty of the offense the same as though he had actually committed the offense himself." Appellant objected to this charge because it instructs the jury to convict the defendant if they simply believe that he instructed some one to pull down the fence even though the fence was not pulled down at all—in other words that it instructs the jury to convict the defendant on account of evidence showing that he instructed the fence to be pulled down. We think these criticisms are accurate and the charge of the court is erroneous. It is not a violation of the law to instruct one to pull down a fence. It must be injured or destroyed before prosecution can successfully be maintained. We would suggest upon another trial that in addition to the charges given the court instruct the jury that if they believe that appellant gave instructions to pull Scott's fence down and the witness pulled E. A. Gresham's fence down by mistake, that the appellant would not be guilty.

For the error pointed out the judgment is reversed and the cause remanded.

*Reversed and remanded.*